UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

PEACHES STERGO,
    a/k/a "Alice,"

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SECOND PRELIMINARY ORDER
OF FORFEITURE AS TO
SPECIFIC PROPERTY

23 Cr. 020 (ER)

WHEREAS, on or about January 12, 2023, PEACHES STERGO, a/k/a "Alice" (the "Defendant"), was charged in a one-count Indictment, 23 Cr. 020 (ER) (the "Indictment"), with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment and various personal property, and the following real property:

    a. The real property located at 1158 Trappers Trail Loop, Champions Gate, Florida (the "Specific Property");

WHEREAS, on or about April 14, 2023, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

United States Code, Section 2461(c):  (i) a sum of money equal to $2,830,775 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment (the "Money Judgment"); and (ii) all right, title and interest of the Defendant in various personal property, which constituted or was derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained (the "Forfeited Property");

WHEREAS, on or about April 18, 2023, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "First Preliminary Order of Forfeiture") imposing a money judgment against the Defendant in the amount of $2,830,775 in United States currency (the "Money Judgment"), and ordering the forfeiture to the United States of all of the Defendant's right, title, and interest in the Forfeited Property;

WHEREAS, the Government asserts that the Specific Property represents proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Government seeks the forfeiture of all of the Defendant's right, title and interest in the Specific Property, which constitutes or is derived from proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, pursuant to 32.2(b) of the Federal Rules of Criminal Procedure, if the Government shows that the property is subject to forfeiture, "…the court must promptly enter a preliminary order of forfeiture … directing the forfeiture of specific property";

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the

Defendant personally obtained cannot presently be located upon the exercise of due diligence, with the exception of the Forfeited Property and the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Second Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant PEACHES STERGO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Second Preliminary Order of Forfeiture as to Specific Property, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site,

www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Second Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____   July 27, 2023
HONORABLE EDGARDO RAMOS          DATE
UNITED STATES DISTRICT JUDGE