UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| – *against* – | **ORDER** |
| | 23-cr-0020 (ER) |
| PEACHES STERGO, | |
| Defendant. | |

RAMOS, D.J.:

On, July 27, 2023, Peaches Stergo was sentenced to 51 months imprisonment after pleading guilty to wire fraud in violation of 18 U.S.C. § 1343.  On April 12, 2024, Stergo moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines.  Docs. 66.

Section 3582(c)(2) allows a court, after considering the § 3553(a) factors, to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." the relevant policy statement, however, provides that a sentence reduction is not authorized if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  *See* U.S.S.G. § 1B1.10(d).  As relevant here, Amendment 821 provides for a two-level reduction in the base offense level for defendants with zero criminal history points who meet certain criteria.  U.S.S.G. § 4C1.1.  One requirement is that "the defendant did not personally cause substantial financial hardship."  *Id.* § 4C1.1(a)(6).  In making that determination, "the court shall consider, among other things, the non-exhaustive list of factors provided in Application Note 4(F) of the

Commentary to § 2B1.1." *Id.* § 4C1.1(b)(3). Those factors are "whether the offense resulted in the victim":

> (i) becoming insolvent;
>
> (ii) filing for bankruptcy under the Bankruptcy Code (title 11, United States Code);
>
> (iii) suffering substantial loss of a retirement, education, or other savings or investment fund;
>
> (iv) making substantial changes to his or her employment, such as postponing his or her retirement plans;
>
> (v) making substantial changes to his or her living arrangements, such as relocating to a less expensive home; and
>
> (vi) suffering substantial harm to his or her ability to obtain credit."

*Id.* § 2B1.1 cmt. n.4(F). "The application of subsection § 2B1.1(a)(6) is to be determined independently of the application of subsection § 2B1.1(b)(2) . . . " *Id.* § 4C1.1 cmt. n.1.

In the original presentence report, the Probation Office applied a two-level enhancement because Stergo's offenses involved substantial financial hardship to one or more victim. Doc. 42 ¶ 44 (citing U.S.S.G. § 2B1.1(b)(2)(A)(iii)). The Court likewise applied that enhancement in calculating the guideline range at sentencing. Doc. 47 at 8:2–11.

Some courts have held that the application of the § 2B1.1(b)(2) enhancement at sentencing renders a defendant ineligible for a sentence reduction under Amendment 821. *See United States v. Williams*, No. 19-cv-279 (MOC) (DCK), 2024 WL 561119, at *2 (W.D.N.C. Feb. 12, 2024) (explaining that defendant "is not eligible for a reduction in her sentence because this Court has already found that Defendant caused her victim substantial financial hardship"). And even if it did not, the Court would have no trouble independently concluding that Stergo personally caused substantial financial hardship to her victim. *Cf. United States v. Hise*, No. 20-cv-40072 (JPG), 2024 WL 1741590, at *2 (S.D. Ill. Apr. 23, 2024) ("Even if an enhancement for causing substantial financial hardship is not *per se* disqualifying, based on the information from the [presentence

report], the sentencing hearing, and the restitution proceedings, the Court would independently find that [the defendant] personally caused substantial financial hardship to [the victim] so as to disqualify her from an Amendment 821 reduction.").  The record makes clear that Stergo was responsible for significant financial harm.  *See, e.g.*, Doc. 42 ¶ 37 (providing victim impact statements, discussing how, as a result of Stergo's scheme, the victim had to close his business and leave his home after being coerced into liquidating all of his assets); Doc. 47 at 8:22–11:14 (discussing the government's sentencing submission observing that the victim, unable to afford his housing and groceries, had to borrow hundreds of thousands of dollars from friends and family, who he cannot repay.)

Accordingly, the Court agrees with the conclusion in the supplemental presentence report that Stergo is not eligible for a reduction under Amendment 821.  *See* Doc. 67 at 3.

Accordingly, Stergo's motion for a sentence reduction is DENIED.  The Clerk of Court is respectfully directed to mail a copy of this order to Stergo.

SO ORDERED.

Dated:    September 16, 2024
          New York, New York

_____
   EDGARDO RAMOS, U.S.D.J.